## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

TYIECE BAPTISTE-HOWARD, ET AL                    *
                                                 *        CIVIL ACTION
                                                 *
VERSUS                                           *        NO:
                                                 *
                                                 *        SECTION:
WARREN J. RILEY, ET AL                           *
                                                 *        MAG:
                                                 *
                                                 *
*     *     *     *     *     *     *     *     *  *

TO:   TYIECE BAPTISTE-HOWARD AND BRIANNA HAYNES
      THROUGH COUNSEL OF RECORD
      Clarence Roby, Jr.
      650 Poydras Street
      3701 Canal Street
      Suite U
      New Orleans, Louisiana 70119

      **PLEASE TAKE NOTICE** that on August, 2011, defendants herein filed a Petition

for Removal, a copy of which is attached, in the United States District Court for the

Eastern District of Louisiana.

      **DATED**:   August 11, 2011.

                                    Respectfully submitted,

                                    _____
                                    **JAMES B. MULLALY, LSB#28296**
                                    Deputy City Attorney
                                    1300 Perdido Street
                                    City Hall - 5th Floor
                                    New Orleans, Louisiana  70112

1

Telephone: (504) 658-9800
Telecopier: (504) 658-9868
Email: jbmullaly@nola.gov

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing pleading has been served on all counsel and unrepresented parties by depositing same in the United States Mail, postage prepaid and properly addressed, this 11th day of August, 2011.

JAMES B. MULLALY

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO: 06-14175                           DIVISION D                    SECTION 16

TYIECE BAPTISTE-HOWARD, ET AL

VERSUS

WARREN J. RLEY, ET AL

FILED: _____          _____
                                              DEPUTY CLERK

## NOTICE OF REMOVAL TO FEDERAL COURT

TO:   TYIECE BAPTISTE-HOWARD AND BRIANNA HAYNES
      THROUGH COUNSEL OF RECORD
      Clarence Roby, Jr.
      650 Poydras Street
      3701 Canal Street
      Suite U
      New Orleans, Louisiana 70119

**PLEASE TAKE NOTICE** that a Notice of Removal of this action was filed in the

United States District Court for the Eastern District of Louisiana, on the 11th day of August,

2011. A copy of the said Notice of Removal is attached to this Notice and is served and

filed herewith.

DATED:   August 11, 2011.

Respectfully submitted,

JAMES B. MULLALY, LSB #28296
Deputy City Attorney
1300 Perdido Street
City Hall - 5th Floor
New Orleans, Louisiana  70112
(504) 658-9800
(504) 658-9868
Email: jbmullaly@nola.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy the above and foregoing Notice of Removal has been sent to all counsel and unrepresented parties by depositing a copy of same in the U.S. Mail, postage prepaid this 11th day of August, 2011.

JAMES B. MULLALY

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 06-14175   DIVISION " "   D-16   DOCKET NO.:

TYIECE BAPTISTE-HOWARD AS THE NATURAL TUTOR FOR
BRIANNA HAYES AS THE HEIR TO THE ESTATE OF
ANTHONY CARDELL HAYES

VERSUS

WARREN RILEY, (in his official capacity, as Superintendent
of the New Orleans Police Department), NEW ORLEANS POLICE DEPARTMENT
POLICE OFFICER #1 (individually and in his official capacity as an officer
for the New Police Department), POLICE OFFICER #2 (individually and in his
official capacity as an officer for the New Police Department), POLICE OFFICER #2
(individually and in his official capacity as an officer for the New Police Department),
POLICE OFFICER #3 (individually and in his official capacity as an officer for the New
Police Department), POLICE OFFICER #4 (individually and in his official capacity as an
officer for the New Police Department), POLICE OFFICER #5 (individually and in his
official capacity as an officer for the New Police Department)
AND XYZ INSURANCE COMPANY

FILED: _____          _____
                                                    DEPUTY CLERK

PETITION FOR DAMAGES
PURSUANT TO WRONGFUL DEATH

The petition of Tyiece Baptiste-Howard the natural tutor for Brianna Hayes as the heir of

the Estate of Anthony Cardell Hayes who is of the full age of majority and domiciled in the

Parish of Orleans, State of Louisiana, who respectfully represents that:

I.

Made Defendants herein are:

a) **Warren Riley (in his official capacity as Superintendent of the New Orleans
   Police Department),** a person of the full age of majority and a resident of the
   State of Louisiana, and all material times herein acting in his capacity as
   Superintendent in the scope of his employment with the New Orleans Police
   Department;

b) **New Orleans Police Department,** a political subdivision of the State of
   Louisiana;

c) **Police Officer #1 (individually and in his official capacity as an officer of the
   New Orleans Police Department),** a person of the full age of majority and a
   resident of the State of Louisiana, and all material times herein acting in his
   capacity as an officer in the scope of his employment with the New Orleans Police
   Department;

d) **Police Officer #2 (individually and in his official capacity as an officer of the
   New Orleans Police Department),** a person of the full age of majority and a
   resident of the State of Louisiana, and all material times herein acting in his
   capacity as an officer in the scope of his employment with the New Orleans Police
   Department;

VERIFIED

CYNTHIA STROMBOE

e)   **Police Officer #3  (individually and in his official capacity as an officer of the New Orleans Police Department)**, a person of the full age of majority and a resident of the State of Louisiana, and all material times herein acting in his capacity as an officer in the scope of his employment with the New Orleans Police Department;

f)   **Police Officer #4  (individually and in his official capacity as an officer of the New Orleans Police Department)**, a person of the full age of majority and a resident of the State of Louisiana, and all material times herein acting in his capacity as an officer in the scope of his employment with the New Orleans Police Department;

g)   **Police Officer #5  (individually and in his official capacity as an officer of the New Orleans Police Department)**, a person of the full age of majority and a resident of the State of Louisiana, and all material times herein acting in his capacity as an officer in the scope of his employment with the New Orleans Police Department;

h)   **XYZ Insurance Company,** defendant herein, a foreign insurance company authorized to do and doing business in the Parish of Orleans, State of Louisiana and at all material times herewith the liability insurance carrier of Defendants, Warren Riley, in his official capacity as Superintendent of the New Orleans Police Department and the New Orleans Police Department, Police Officer #1, Police Officer #2, Police Officer #3, Police Officer #4 and Police Officer #5.

<div align="center">II.</div>

On or about December 26, 2005, Anthony Cardell Hayes was allegedly disturbing the peace.  The New Orleans Police Department was contacted for assistance because Mr. Hayes was allegedly disturbing the peace.  Mr. Hayes was instructed to lie down on the ground while Police Officer #1 Police Officer #2, Police Officer #3, Police Officer #4 and Police Officer #5 surrounded Mr. Hayes at the scene of the alleged disturbance.  The New Orleans Police Department dispatched a backup unit to the address.  The decedent, Anthony Cardell Hayes was disoriented and became confused when surrounded by the New Orleans Police Department.   As Mr. Hayes walked around in circles to avoid an altercation with the New Orleans Police, at this time the officers believed that Anthony Cardell Hayes was possibly in great bodily harm, fired several shots in the direction of Anthony Cardell Hayes.  The bullets struck Anthony Cardell Hayes over his entire body as he fell to the ground.

<div align="center">III.</div>

New Orleans paramedics  arrived at the scene and found Anthony Cardell Hayes lying on the ground suffering from a multiple gun shot wounds in  his back.  Anthony Cardell Hayes was transported to the hospital by the Emergency Medical Technicians where he was pronounced dead.  The doctors concluded that the gunshot wounds of the back caused traumatic injuries to

the right lung and liver.  Additionally, superficial incised wounds were identified on the left lateral/posterior forearm.

IV.

At all times material herein, the Defendant, XYZ Insurance Company whose identity is not yet known to petitioner, had issued a insurance policy to the Defendant, Warren Riley, in his official capacity as Superintendent of the New Orleans Police Department and the New Orleans Police Department, which was in full force and effect at the time of this incident made subject of this litigation.

V.

All of the Defendants are indebted jointly, severally and *in solido* unto petitioner for the death of Anthony Cardell Hayes.

VI.

Petitioner avers that Police Officer #1 of the New Orleans Police Department acted with negligence in the aforementioned unwarranted accusation and detention and more particularly but not limited to the following acts:

    a)    intentionally accosting petitioner without just provocation;

    b)    failing to take proper and necessary available action to prevent known and foreseeable risks of harm toward petitioner;

    c)    failing to maintain proper procedures in accordance with persons disoriented;

    d)    failing to adequately verify information provided by caller;

    e)    By failing to take all necessary precautions to prevent the death of Anthony Cardell Hayes;

    f)    By failing to act in a responsible manner;

    g)    By failing to insure the safety of Anthony Cardell Hayes;

    h)    Any other acts or omissions and circumstances of this case, that may be learned through discovery, as will be shown at the trial of this matter.

VII.

Petitioner avers that Police Officer #2 of the New Orleans Police Department acted with negligence in the aforementioned unwarranted accusation and detention and more particularly but not limited to the following acts:

    a)    intentionally accosting petitioner without just provocation;

b)    failing to take proper and necessary available action to prevent known and

foreseeable risks of ham toward petitioner;

c)    failing to maintain proper procedures in accordance with persons disoriented;

d)    failing to adequately verify information provided by caller;

e)    By failing to take all necessary precautions to prevent the death of Anthony

Cardell Hayes;

f)    By failing to act in a responsible manner;

g)    By failing to insure the safety of Anthony Cardell Hayes;

h)    Any other acts or omissions and circumstances of this case, that may be learned

through discovery, as will be shown at the trial of this matter.

VIII.

Petitioner avers that Police Officer #3 of the New Orleans Police Department acted with

negligence in the aforementioned unwarranted accusation and detention and more particularly but

not limited to the following acts:

a)    intentionally accosting petitioner without just provocation;

b)    failing to take proper and necessary available action to prevent known and

foreseeable risks of ham toward petitioner;

c)    failing to maintain proper procedures in accordance with persons disoriented;

d)    failing to adequately verify information provided by caller;

e)    By failing to take all necessary precautions to prevent the death of Anthony

Cardell Hayes;

f)    By failing to act in a responsible manner;

g)    By failing to insure the safety of Anthony Cardell Hayes;

h)    Any other acts or omissions and circumstances of this case, that may be learned

through discovery, as will be shown at the trial of this matter.

IX.

Petitioner avers that Police Officer #4 of the New Orleans Police Department acted with

negligence in the aforementioned unwarranted accusation and detention and more particularly but

not limited to the following acts:

a)    intentionally accosting petitioner without just provocation;

b)    failing to take proper and necessary available action to prevent known and

foreseeable risks of harm toward petitioner;

c)     failing to maintain proper procedures in accordance with persons disoriented;

d)     failing to adequately verify information provided by caller;

e)     By failing to take all necessary precautions to prevent the death of Anthony Cardell Hayes;

f)     By failing to act in a responsible manner;

g)     By failing to insure the safety of Anthony Cardell Hayes;

h)     Any other acts or omissions and circumstances of this case, that may be learned through discovery, as will be shown at the trial of this matter.

X.

Petitioner avers that Police Officer #5 of the New Orleans Police Department acted with negligence in the aforementioned unwarranted accusation and detention and more particularly but not limited to the following acts:

a)     intentionally accosting petitioner without just provocation;

b)     failing to take proper and necessary available action to prevent known and foreseeable risks of harm toward petitioner;

c)     failing to maintain proper procedures in accordance with persons disoriented;

d)     failing to adequately verify information provided by caller;

e)     By failing to take all necessary precautions to prevent the death of Anthony Cardell Hayes;

f)     By failing to act in a responsible manner;

g)     By failing to insure the safety of Anthony Cardell Hayes;

h)     Any other acts or omissions and circumstances of this case, that may be learned through discovery, as will be shown at the trial of this matter.

XI.

Moreover, Petitioner avers that Warren Riley in his official capacity as Superintendent of the New Orleans Police Department,  acted with negligence in the aforementioned unwarranted carelessness and recklessness conduct and more particularly but not limited to the following acts:

a)     employment or retention of incompetent employees;

b)     failing to properly hire, train, discipline and/or supervise the police officers;

c)     permitting or failing to prevent abusive behavior by the police officers;

d)   tolerating a pattern or practice of misconduct by the police officers;

e)   failing to establish and teach procedures and guidelines for security surveillance;

f)   any and all acts of negligence which may be proven at trail of this matter.

VIII.

As a direct and proximate result of the Defendant's negligence, carelessness and recklessness, Anthony Cardell Hayes suffered undue pain and suffering from the gun shot wound he received.

**WHEREFORE**, Petitioner as heir and on Behalf of the Estate of Anthony Cardell Hayes, pray that the Defendants, Warren Riley, in his official capacity as Superintendent of the New Orleans Police Department and the New Orleans Police Department, Police Officer #1, Police Officer #2, Police Officer #3, Police Officer #4, Police Officer #5 and XYZ Insurance Company be duly cited to appear and answer the Petition, that they be served with photocopies of same and that after all due proceedings and legal delays, there be judgment against the Defendants jointly, severally and *in solid* in favor of petitioners for the interest thereon from the date of judicial demand and for reasonable attorney fees, for all costs of these proceedings and for all general and equitable relief deemed appropriate by this Honorable Court under the circumstances.

Respectfully submitted,
**LAW OFFICES OF CLARENCE ROBY, JR., APLC**

_____
CLARENCE ROBY, JR., LSB#20345
3701 Canal Street, Suite U
New Orleans, Louisiana 70119
(504) 486-7700

**PLEASE SERVE:**

Warren Riley, Superintendent
New Orleans Police Department
715 S. Broad Street
New Orleans, Louisiana  70119

New Orleans Police Department
through Warren Riley as
Superintendent of the New Orleans Police Department
715 S. Broad Street
New Orleans, Louisiana  70119

Police Officer #1 **(HOLD SERVICE)**

Police Officer #2 **(HOLD SERVICE)**

Police Officer #3 **(HOLD SERVICE)**

Police Officer #4 **(HOLD SERVICE)**

Police Officer #5 **(HOLD SERVICE)**

XYZ Insurance **(HOLD SERVICE)**

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

STATE OF LOUISIANA

NO.:                    DIVISION " "                    DOCKET NO.:

**TYIECE BAPTISTE-HOWARD AS THE NATURAL TUTOR FOR
BRIANNA HAYES AS THE HEIR TO THE ESTATE OF
ANTHONY CARDELL HAYES**

**VERSUS**

**WARREN RILEY,( in his official capacity, as Superintendent of the
New Orleans Police Department), NEW ORLEANS POLICE DEPARTMENT
POLICE OFFICER #1 (individually and in his official capacity as an officer
for the New Police Department), POLICE OFFICER #2 (individually and in his
official capacity as an officer for the New Police Department), POLICE OFFICER #2
(individually and in his official capacity as an officer for the New Police Department),
POLICE OFFICER #3  (individually and in his official capacity as an officer for the New
Police Department), POLICE OFFICER #4 (individually and in his official capacity as an
officer for the New Police Department), POLICE OFFICER #5 (individually and in his
official capacity as an officer for the New Police Department)
AND XYZ INSURANCE COMPANY**

FILED:_____                    _____
                                                              **DEPUTY CLERK**

**REQUEST FOR NOTICE**

Pursuant to Article 1572 of the Louisiana Code of Civil Procedure, we hereby request written

notice of the date set for trial of any pleadings or motions therein, at least ten (10) days before any

such date.

We also request notice of the signing of any final judgment or of the rendition of any

interlocutory order of judgment in said cause as provided by Articles 1913 and 1914 of Louisiana

Code of Civil Procedure.

Respectfully submitted,
**LAW OFFICES OF CLARENCE ROBY, JR., APLC**

CLARENCE ROBY, JR., LSB#: 20345
3701 Canal Street, Suite U
New Orleans, Louisiana  70119
Telephone :(504) 486-7700

1-11-07
**VERIFIED**
CYNTHIA STROMBOE

ATTORNEY'S NAME:   Roby Jr, Clarence
AND ADDRESS:        4th Fl, Ste U,  3701 Canal St
                     New Orleans    LA  70119-3717

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO:     2006 -- 14175       2                              SECTION:  16    -- D

HOWARD, TYIECE BAPTISTE ETAL versus RILEY, WARREN ETAL

# C I T A T I O N

TO:   RILEY, WARREN  -- SUPERINTENDENT

THROUGH:
        NEW ORLEANS POLICE DEPARTMENT
        715 S. BROAD ST.
        NEW ORLEANS                    LA

YOU HAVE BEEN SUED:

You must either comply with the demand contained in the petition
FOR DAMAGES PURSUANT TO WRONGFUL DEATH W/REQUEST FOR NOTICE
a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of
this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the
service hereof under penalty of default

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                              ADDITIONAL INFORMATION
    Legal assistance is advisable.  If you want a lawyer and can't find one, you may call the New Orleans Lawyer
    Referral Service at 561- 8828.  This Referral Service operates in conjunction with the New Orleans Bar Association.
    If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp.; you
    may call 529 - 1000 for more information.
    COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
IN WITNESS HEREOF,  I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA        January 9, 2007

Clerk's Office,  Room 402,  Civil Courts Building,              DALE N. ATKINS,  Clerk of
421 Loyola Avenue                                              The Civil District Court
New Orleans,  LA                                              for the Parish of Orleans
                                                             State of LA
                                                             by   6. Trombee
                                                                      Deputy Clerk

---

SHERIFF'S  RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this **26** day of **Jan 2007** | On this _____ day of _____ |
| _____ served a copy of the w/i petition | _____ served a copy of the w/i petition |
| FOR DAMAGES PURSUANT TO WRONGFUL DEATH W/REQUEST FOR NOTICE | FOR DAMAGES PURSUANT TO WRONGFUL DEATH W/REQUEST FOR NOTICE |
| _10:00 Am_ | |
| On  RILEY, WARREN  -- SUPERINTENDENT | On  RILEY, WARREN  -- SUPERINTENDENT |

THROUGH:                                    THROUGH:

                                            by leaving same at the dwelling house, or usual place of
                                            abode, in the hands of _____
                                            a person of suitable age and discretion residing therein as
Returned same day   No. 144                 a member of the domiciliary establishment, whose name
                                            and other facts connected with this service I learned by
Deputy Sheriff of   Orleans                 interrogating  HIM / HER the said _____
                                            RILEY, WARREN  -- SUPERINTENDENT
Mileage: $ _____

$ m  / ENTERED / _____                    being absent from the domicile at time of said service.
PAPER                  RETURN                          Returned same day
  2   /  9115  /                                              No. _____

SERIAL NO.   DEPUTY   PARISH                 Deputy Sheriff of _____

Form 95 - Rev. 3/00

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

FILED

No.: 06 - 14175

2007 MAR -2 P 2:13

Division: 2007 HA 6

DISTRICT COURT

TYIECE   BAPTISTE

versus

WARREN RILEY, ET AL

PARTY TO BE SERVED: TYIECE BAPTISTE

THROUGH: CLARENCE ROBY, ESQ

ADDRESS: 3701 CANAL

SUITE/ROOM: SUITE U.

CITY: NOLA 70119

CIVIL SHERIFF'S OFFICE   2007 MAR -5 A 10:56   RECEIVED

SPECIAL SERVICE INSTRUCTIONS:

DOCUMENT TYPE: DILATORY EXCEPTION

FILED BY ATTORNEY: VICTOR PAPAI          BAR NO. 8460

DATE OF FILING: 3/2/07

ATTACHMENTS/EXHIBITS: MEMO IN SUPPORT

| RETURN FOR PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On the 06 day of MARCH 20 07 served | On this _____ day of _____ 20 _____ served |
| a copy of the within EXC. 09:42AM | a copy of the within _____ |
| | on _____ |
| On TYIECE BAPTISTE through | by leaving same at _____ domicile or usual |
| CLARENCE ROBY, ESQ. | place of adobe _____ |
| in person VICKI | in the hand of _____ |
| | a person of suitable age and discretion, residing therein |
| | as a member of _____ domiciliary |
| Return same day # 144 | establishment, whose name and other facts connected, |
| Deputy Sheriff of Orleans Parish | with this service I learned by interrogating the said |
| | _____ |
| | the said _____ being |
| UN  ENTERED | absent from _____ domicile at time of said service. |
| PAPER   RETURN | Returned same day |
| 3   19113   1 | MAR 2007 |
| SERIAL NO.   DEPUTY   PARISH | Deputy Sheriff of Orleans Parish |

**SHERIFF'S RETURN**

FILED

$ 110.⁰⁰

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

2007 MAR 22 P 12: 12

### STATE OF LOUISIANA

NO.:2006-14175          DIVISION "D "          CIVIL          DOCKET NO.:
                                               DISTRICT COURT

### TYIECE BAPTISTE-HOWARD AS THE NATURAL TUTOR FOR
### BRIANNA HAYES AS THE HEIR TO THE ESTATE OF
### ANTHONY CARDELL HAYES

**VERSUS**

**WARREN RILEY, (in his official capacity, as Superintendent
of the New Orleans Police Department), NEW ORLEANS POLICE DEPARTMENT
POLICE OFFICER #1 (individually and in his official capacity as an officer
for the New Police Department), POLICE OFFICER #2 (individually and in his
official capacity as an officer for the New Police Department), POLICE OFFICER #2
(individually and in his official capacity as an officer for the New Police Department),
POLICE OFFICER #3 (individually and in his official capacity as an officer for the New
Police Department), POLICE OFFICER #4 (individually and in his official capacity as an
officer for the New Police Department), POLICE OFFICER #5 (individually and in his
official capacity as an officer for the New Police Department)
AND XYZ INSURANCE COMPANY**

FILED:_____          _____
                                 **DEPUTY CLERK**

### PETITION FOR APPOINTMENT AS TUTRIX WITHOUT BOND

The petition of **Tyiece Baptiste-Howard**, domiciled in the Parish of Orleans, State of

Louisiana, respectfully represents:

**I.**

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
402 CIVIL COURTS BUILDING
421 LOYOLA AVENUE - ROOM 402
NEW ORLEANS, LA 70112

The minor child, **Brianna Hayes** is residing in the Parish of Orleans, State of Louisiana.

**II.**

DATE: 3/22/2007 at 12:14
CASE#: 2006-14175  SEC.: 16
RECEIPT#: 46777

Petitioner is applying for Tutorship of minor, **Brianna Hayes**, born March 8, 1995 PAID          BAL

Petitioner the minor's mother and she has-had primary custody fo since birth.

PETITION FOR CONFIRMATION OF TUTOR/T
$    80.50  $    80.50  $     0.00

**III.**          JSC

$    19.50  $    19.50  $     0.00
INDIGENT LEGAL FEE

Petitioner files herewith her sworn detailed descriptive list showing that she said minor $     0.00

TOTAL PAID CASE # 200614175:    $110.00

has no property.          RECEIPT TOTAL $110.00

          AMOUNT RECEIVED $110.00

**IV.**          CHANGE DUE $.00

Pursuant to Louisiana Code of Civil Procedure, the mother, ~~Tyiece Baptiste-Howard, is~~          Check #6132 Amt. $110.00

best qualified to represent said minor in all affairs and it would be in the best interest of said

minor to appoint **Tyiece Baptiste-Howard**, mother, as tutrix to represent her minor child in all

legal affairs.

W H E R E F O R E , petitioner prays that the Court appoint her natural tutrix of the

VERIFIED
Christine Seghers
Deputy Clerk

MAR 2 2 2007

minor child, **Brianna Hayes** without furnishing security; and that letters of tutrix as such be

respectively issued to her upon their complying with the requisites of law.

Respectfully submitted,
**LAW OFFICE OF CLARENCE ROBY, JR., APLC**

**CLARENCE ROBY, JR.** LSB# 20345
3701 Canal Street, Suite U
New Orleans, Louisiana 70119
(504) 486-7700

FILED

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

2007 MAR 22  P 12: 13

NO.:2006-14175              DIVISION "D "          DOCKET NO.:

CIVIL
DISTRICT COURT

TYIECE BAPTISTE-HOWARD AS THE NATURAL TUTOR FOR
BRIANNA HAYES AS THE HEIR TO THE ESTATE OF
ANTHONY CARDELL HAYES

VERSUS

WARREN RILEY, (in his official capacity, as Superintendent
of the New Orleans Police Department), NEW ORLEANS POLICE DEPARTMENT
POLICE OFFICER #1 (individually and in his official capacity as an officer
for the New Police Department), POLICE OFFICER #2 (individually and in his
official capacity as an officer for the New Police Department), POLICE OFFICER #2
(individually and in his official capacity as an officer for the New Police Department),
POLICE OFFICER #3  (individually and in his official capacity as an officer for the New
Police Department), POLICE OFFICER #4 (individually and in his official capacity as an
officer for the New Police Department), POLICE OFFICER #5 (individually and in his
official capacity as an officer for the New Police Department)
AND XYZ INSURANCE COMPANY

FILED:_____                    _____
                                              DEPUTY CLERK


**V E R I F I C A T I O N**

STATE OF LOUISIANA

PARISH OF ORLEANS


        **BEFORE ME**, personally came and appeared:

                **TYIECE BAPTISTE-HOWARD**

who after first being sworn did depose and say that all of the allegations of fact in the foregoing

Petition for Appointment as Legal Tutrix are true be the best of her knowledge.

                                    _____
                                    TYIECE BAPTISTE-HOWARD



SWORN TO AND SUBSCRIBED

BEFORE ME THIS _12th_ DAY

OF _March_ , 2007.

_____
CLARENCE ROBY, JR., LSB# 20345
NOTARY PUBLIC

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.:2006-14175                    DIVISION "D"                    DOCKET NO.:

TYIECE BAPTISTE-HOWARD AS THE NATURAL TUTOR FOR
BRIANNA HAYES AS THE HEIR TO THE ESTATE OF
ANTHONY CARDELL HAYES

VERSUS

WARREN RILEY, (in his official capacity, as Superintendent
of the New Orleans Police Department), NEW ORLEANS POLICE DEPARTMENT
POLICE OFFICER #1 (individually and in his official capacity as an officer
for the New Police Department), POLICE OFFICER #2 (individually and in his
official capacity as an officer for the New Police Department), POLICE OFFICER #2
(individually and in his official capacity as an officer for the New Police Department),
POLICE OFFICER #3  (individually and in his official capacity as an officer for the New
Police Department), POLICE OFFICER #4 (individually and in his official capacity as an
officer for the New Police Department), POLICE OFFICER #5 (individually and in his
official capacity as an officer for the New Police Department)
AND XYZ INSURANCE COMPANY

FILED:_____

                                                    _____
                                                    DEPUTY CLERK


O R D E R

CONSIDERING THE FOREGOING petition and in appearing that the

appointment of the natural tutrix of the minor child, **Brianna Hayes** is necessary for the

presentation of her property.

IT IS ORDERED, that **Tyiece Baptiste-Howard**, be appointed natural tutrix of said

minor child, **Brianna Hayes**, and that such appointment be made without bond and without an

inventory.

IT IS ORDERED, that Letters of Tutorship be issued to petitioner filing an Oath of

Office in these proceedings and meeting all requisites of law; and she is hereby appointed tutor of

the minor.

New Orleans, Louisiana, this 22 nd day of March, 2007.

                                                    _____
                                                    JUDGE

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.:2006-14175              DIVISION "D "              DOCKET NO.:

TYIECE BAPTISTE-HOWARD AS THE NATURAL TUTOR FOR
BRIANNA HAYES AS THE HEIR TO THE ESTATE OF
ANTHONY CARDELL HAYES

**VERSUS**

WARREN RILEY, (in his official capacity, as Superintendent
of the New Orleans Police Department), NEW ORLEANS POLICE DEPARTMENT
POLICE OFFICER #1 (individually and in his official capacity as an officer
for the New Police Department), POLICE OFFICER #2 (individually and in his
official capacity as an officer for the New Police Department), POLICE OFFICER #2
(individually and in his official capacity as an officer for the New Police Department),
POLICE OFFICER #3  (individually and in his official capacity as an officer for the New
Police Department), POLICE OFFICER #4 (individually and in his official capacity as an
officer for the New Police Department), POLICE OFFICER #5 (individually and in his
official capacity as an officer for the New Police Department)
AND XYZ INSURANCE COMPANY

FILED:_____          _____
                                                    DEPUTY CLERK

### SWORN DETAILED DESCRIPTIVE LIST OF MINOR'S PROPERTY

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority, personally came

and appeared

**TYIECE BAPTISTE-HOWARD**

who, being duly sworn, deposed and said in compliance with Article 4462 of the Louisiana Civil

Procedures she presents to the Court the following detailed descriptive list of all the property

composing the estate of the minor, **Brianna Hayes**, setting forth the location and fair market

value of each item of property:

PROSPECTIVE PERSONAL PROPERTY

                    -$0-

TYIECE BAPTISTE-HOWARD

SWORN TO AND SUBSCRIBED

BEFORE ME THIS _12th_ DAY

DAY OF _March_ 2007.

_____
CLARENCE ROBY, JR., LSB# 20345
NOTARY PUBLIC

VERIFIED
Christine Seghers
Deputy Clerk

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

2007 MAR 22   P 12: 13

NO.:2006-14175                    DIVISION "D "          DOCKET NO.:

CIVIL
DISTRICT COURT

TYIECE BAPTISTE-HOWARD AS THE NATURAL TUTOR FOR
BRIANNA HAYES AS THE HEIR TO THE ESTATE OF
ANTHONY CARDELL HAYES

VERSUS

WARREN RILEY, (in his official capacity, as Superintendent
of the New Orleans Police Department), NEW ORLEANS POLICE DEPARTMENT
POLICE OFFICER #1 (individually and in his official capacity as an officer
for the New Police Department), POLICE OFFICER #2 (individually and in his
official capacity as an officer for the New Police Department), POLICE OFFICER #2
(individually and in his official capacity as an officer for the New Police Department),
POLICE OFFICER #3  (individually and in his official capacity as an officer for the New
Police Department), POLICE OFFICER #4 (individually and in his official capacity as an
officer for the New Police Department), POLICE OFFICER #5 (individually and in his
official capacity as an officer for the New Police Department)
AND XYZ INSURANCE COMPANY

FILED:_____                    _____
                                                      DEPUTY CLERK

OATH OF NATURAL TUTRIX

BEFORE ME, Clarence  Roby, Jr., Notary Public  for the Parish of Orleans, State of

Louisiana, personally came and appeared:

TYIECE BAPTISTE-HOWARD

who, being duly sworn, deposed and said that she will well and faithfully perform, all and

singular, the duties of natural tutrix of the minor child, BRIANNA HAYES, and that she

presently owns no property.

SO HELP HER GOD.

_____
TYIECE BAPTISTE-HOWARD

SWORN TO AND SUBSCRIBED

BEFORE ME THIS _12/h_ DAY

OF _March_ ,2007.

_____
CLARENCE ROBY, JR., LSB# 20345
NOTARY PUBLIC

VERIFIED
Christine Seghers
Deputy Clerk

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

FILED

STATE OF LOUISIANA   2007 MAR 22   P 12: 13

NO.:2006-14175          DIVISION "D "          DOCKET NO.:

CIVIL
DISTRICT COURT

TYIECE BAPTISTE-HOWARD AS THE NATURAL TUTOR FOR
BRIANNA HAYES AS THE HEIR TO THE ESTATE OF
ANTHONY CARDELL HAYES

VERSUS

WARREN RILEY, (in his official capacity, as Superintendent
of the New Orleans POLICE Department), NEW ORLEANS POLICE DEPARTMENT
POLICE OFFICER #1 (individually and in his official capacity as an officer
for the New Police Department), POLICE OFFICER #2 (individually and in his
official capacity as an officer for the New Police Department), POLICE OFFICER #2
(individually and in his official capacity as an officer for the New Police Department),
POLICE OFFICER #3  (individually and in his official capacity as an officer for the New
Police Department), POLICE OFFICER #4 (individually and in his official capacity as an
officer for the New Police Department), POLICE OFFICER #5 (individually and in his
official capacity as an officer for the New Police Department)
AND XYZ INSURANCE COMPANY

FILED:_____          _____
                                                    DEPUTY CLERK

LETTERS OF TUTORSHIP

This is to certify to all whom it may concern, that on the _22nd_ day of _march_ 2007,

an application was made to Civil District Court For the Parish of Orleans, State of Louisiana, by

**TYIECE BAPTISTE-HOWARD**, praying that she might be admitted to take her oath as natural

tutrix of the minor child, **BRIANNA HAYES**.

NOW KNOW YE that the said **TYIECE BAPTISTE-HOWARD** has been confirmed

as natural tutrix of the aforesaid minor child, **DOMONIQUE SEGUE**, and has, on this the

_22nd_ day of _march_ 2007, taken said oath as such, and has complied with all the other

requisites of law.

WITNESS our hand and the seal of said Court, New Orleans, Louisiana, this _22nd_

of _March_ 2007.

ENTERED ON MINUTES

MAR 2 6 2007

_Ernest Jones_
JUDGE

VERIFIED
Christine Seghers
Deputy Clerk

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

**FILED**

STATE OF LOUISIANA

NO: 2006-14175

2007 MAR -2 P 2: 13
DIVISION "D"

CIVIL
DISTRICT C

TYIECE BATPSTE-HOWARD

VERSUS

WARREN RILEY, ET AL

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DILATORY EXCEPTION OF LACK OF PROCEDURAL CAPACITY

**NOW INTO COURT**, through undersigned counsel comes Warren Riley, Superintendent of

the New Orleans Police Department, a named defendant in his official capacity, appearing solely for

the purpose of this exception, and excepts to the plaintiffs' petition on the following grounds:

Plaintiff has failed to plead any factual basis enabling her to represent her minor child in this

litigation, since plaintiff has not alleged facts in accordance with Louisiana Code of Civil Procedure

Article 683. Further, plaintiff is asserting rights of inheritance without clarifying her status as a

succession representative pursuant to Louisiana Code of Civil Procedure Article 685.

        **WHEREFORE**, defendant, Warren Riley, prays that the foregoing exception be

maintained and that, after due proceedings had, plaintiffs' suit be dismissed, with prejudice, at

their costs.

Respectfully submitted,

VICTOR L. PAPAI, Jr., #8460
**Assistant City Attorney**
1300 Perdido Street
City Hall - Room 5E03
New Orleans, LA 70112
Telephone: (504) 658-9800
Facsimile: (504) 658-9868

JOSEPH V. DIROSA, Jr., #4959
**Chief Deputy City Attorney**

PENYA MOSES-FIELDS, #24850
**City Attorney**

<div style="writing-mode: vertical">ENTERED ON RULE DOCKET</div>

MAR 07 2007



FILED

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

2007 MAR -2 P 2:13

STATE OF LOUISIANA

NO: 2006-14175

DIVISION "___" CIVIL
DISTRICT COURT

TYIECE BATPSTE-HOWARD

VERSUS

WARREN RILEY, ET AL

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## O R D E R

**Considering the foregoing:**

**IT IS ORDERED,** hereby that the exception of lack of procedural capacity filed by

defendant, CITY OF NEW ORLEANS, be scheduled for hearing on the 23ʳᵈ day of

March , 2007 at 9 o'clock A. m.

New Orleans, Louisiana, this 2ⁿᵈ day of March, 2007.

_____
J U D G E

**PLEASE SERVE:**
Tyiece Baptiste-Howard
Through her Attorney:
Clarence Roby
3701 Canal St., Suite U
New Orleans, LA 70119

ENTERED ON MINUTES

MAR 0 6 2007



VERIFIED
ANGELIA BELL

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NUMBER 2004-10099

DIVISION "D"

EARL CONNER, ET AL

VERSUS

A.O. SMITH CORPORATION, ET AL

FILED: _____        _____
                                                          DEPUTY CLERK

## EXCEPTIONS OF ILLINOIS TOOL WORKS INC.
## AND MILLER ELECTRIC MANUFACTURING CO., INC.

(These exceptions apply to the following plaintiff:  Donald Holmes).

Defendants, Illinois Tool Works Inc. and Miller Electric Mfg. Co., Inc., hereby except to the Petition on the following grounds:

1.

### Dilatory Exception of Vagueness

Defendants except to the Petition of plaintiff on the ground that the allegations asserted are impermissibly vague and ambiguous and do not comport with the requirements of the Louisiana Code of Civil Procedure.

2.

### Dilatory Exception of Improper Cumulation

Defendants except to the Petition of plaintiff on the ground that the various claims of plaintiff have been improperly cumulated and the procedure adopted by plaintiff does not comport with the requirements of the Louisiana Code of Civil Procedure.

3.

### Peremptory Exception of No Cause of Action

Defendants except to the Petition of plaintiff on the ground that the allegations asserted do not state a cause of action upon your defendants.

WHEREFORE, defendants, Illinois Tool Works Inc. and Miller Electric Mfg. Co., Inc., pray that the exceptions filed herein be maintained for the reasons set forth in

the attached memorandum and that judgment be entered dismissing the claims of

plaintiff, Donald Holmes, at his costs.

Respectfully submitted,

JOSEPH R. WARD, JR. (#8166)
LISA A. CONDREY (#18172)
WARD & CONDREY, LLC
527 E. Boston Street, Suite 200
Covington, Louisiana  70433
Telephone:  (985) 871-5223

## CERTIFICATE OF SERVICE

I do hereby certify that I have on the 12th day of Feb, 2007 served

a copy of the foregoing pleading on counsel for all parties to this proceeding, by

facsimile, electronic mail and/or mailing the same by United States mail, properly

addressed, and first class postage prepaid.

JOSEPH R. WARD, JR.

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

FILED

STATE OF LOUISIANA

NUMBER 2004-10099                          DIVISION "D" CIVIL
                                           DISTRICT COURT

EARL CONNER, ET AL

VERSUS

A.O. SMITH CORPORATION, ET AL

FILED: _____
                                  _____
                                  DEPUTY CLERK

## RULE TO SHOW CAUSE

Considering the foregoing Exceptions filed by Illinois Tool Works Inc. and Miller

Electric Mfg. Co., Inc.,

**IT IS ORDERED**, that the plaintiff show cause before this Honorable Court on

the _20_ day of _APRIL_, 2007, at _9_ o'clock why the Defendants'

Exceptions should not be granted.

New Orleans, Louisiana, this _21_ day of _Feb_____, 2007.

_____
JUDGE

**PLEASE SERVE:**

Donald Holmes,
through his attorney of record,
Spencer R. Doody, Esq.
MARTZELL & BICKFORD
338 Lafayette Street
New Orleans, LA 70130

ENTERED ON MINUTES

MAR 13 2007

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

FILED

STATE OF LOUISIANA

2001 FEB 14  P 12: 48

NUMBER 2004-10099

DIVISION "D"
DISTRICT COURT

EARL CONNER, ET AL

VERSUS

A.O. SMITH CORPORATION, ET AL

FILED: _____      _____
                                                    DEPUTY CLERK

### MEMORANDUM IN SUPPORT OF
### EXCEPTIONS OF ILLINOIS TOOL WORKS INC.
### AND MILLER ELECTRIC MANUFACTURING CO., INC.

MAY IT PLEASE THE COURT:

#### Introduction

This case is one of many personal injury suits filed against a host of manufacturers, suppliers and commercial users of welding-related products for injuries the plaintiff alleges he sustained as a result of exposure to welding fumes.  In this particular case, plaintiff has banded with numerous other plaintiffs, making identical allegations against identical defendants.  Some of the defendants are manufacturers of welding-related equipment, some are manufacturers of welding rods, some are mere suppliers to the industry of welding-related equipment and other defendants simply used welding-related equipment in their business.  Plaintiff refers to these defendants generally as the "welding defendants".  Little information is given to discern what any particular defendant did as opposed to another.

With this backdrop, defendants bring exceptions of vagueness, improper cumulation and no cause of action.

#### Exception of Vagueness

Plaintiff's Petition is an amalgamation of conclusory allegations leveled against some thirty-two defendants.  The allegations contain no specifics whatsoever.  The defendants are referred to "welding defendants" and it is said that some manufactured, some supplied and some distributed various undescribed products and equipment.  The Petition does not give any information as to where a particular plaintiff experienced his alleged exposure to "welding fumes".

The Petition, while based in vague theories of products liability, attempts to allege conspiracy, fraud and negligence claims against most defendants. No specifics as to this alleged activity is given.

The Louisiana Code of Civil Procedure imposes a system of fact pleading on the litigants. Under this system, the litigants need not plead a particular theory of recovery but a plaintiff must plead all material facts that support his claim. La. Code Civ. Pro. art. 891. Louisiana courts have held that the petition "must set forth the facts upon which recovery can be based." *Howell v. Taylor*, 35-279 (La. App. 2 Cir. 10/31/01), 799 So.2d 1175, 1177. A petition is deficient if it merely cites conclusions concerning plaintiff's alleged cause of action without providing specific facts which support the cause of action. *Ramey v. DeCaire*, 03-1299 (La. 3/19/04), 869 So.2d 114, 118.

Because plaintiff has not identified any specific products to which he attributes his alleged injuries, and because the term "manganese-containing welding products" is so vague, your defendants cannot adequately respond to plaintiff's allegations. Additionally, because plaintiff does not identify the specific defendant to which his conclusory statements are made, it is impossible to determine against whom a specific allegation is made.

For the foregoing reasons, plaintiff should be ordered to amend his suit so as to specify the identity of the product allegedly manufactured by the defendants that would allegedly give rise to liability and the specific defendant against whom the allegations are directed.

### Exception of Improper Cumulation

To the extent plaintiff attempts to cumulate his action as plaintiff, defendants' exception should be maintained. From the Petition it is clear that the numerous plaintiffs were allegedly exposed to welding fumes at different locations through the use of different products. The only commonality between the plaintiffs is the fact that they are represented by the same counsel and allegedly sustained similar injury. Under such circumstances, it would be prejudicial to the defendants to allow the plaintiff to try a case under such circumstances. Additionally, allowing plaintiff to proceed when he was not involved in a common incident or accident would create great confusion with the jury.

For the foregoing reasons, defendants' exception of improper cumulation should be maintained.

### Exception of No Cause of Action

Plaintiff attempts to assert a products liability claim against defendants, Illinois Tool Works Inc. and Miller Electric Mfg. Co., Inc.  In order to recover under Louisiana products liability law, the plaintiff must establish that the defendant was a manufacturer or supplier of a defective product. *Maldanado v. Louisiana ex rel. Dep't of Transp.*, 618 So.2d 537 (La. App. 4 Cir. 1993).

When the Court removes the conclusory allegations made against all defendants, it is clear that plaintiff has not complied with the Louisiana Products Liability Act.  He has not identified any particular product manufactured by the defendants that was used by any plaintiff, which was defective in its design or manufacture, which resulted in harm to any plaintiff.

For the foregoing reasons, defendants' exception of no cause should be maintained.

Respectfully submitted,

JOSEPH R. WARD, JR. (#8166)
LISA A. CONDREY (#18172)
WARD & CONDREY, LLC
527 E. Boston Street, Suite 200
Covington, Louisiana  70433
Telephone:  (985) 871-5223

### CERTIFICATE OF SERVICE

I do hereby certify that I have on the _12_ day of _____, 2007 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by facsimile, electronic mail and/or mailing the same by United States mail, properly addressed, and first class postage prepaid.

JOSEPH R. WARD, JR.

**WARD & CONDREY, LLC**
ATTORNEYS AT LAW

JOSEPH R. WARD, JR.

527 E. BOSTON STREET
SUITE 200
COVINGTON, LOUISIANA 70433

TELEPHONE (985) 871-5223
FAX (985) 871-5234
JWARD@WARDANDCONDREY.COM

February 12, 2007



RECEIVED

FEB 14 2007

CLERK OF COURT
CIVIL DISTRICT COURT

Clerk of Court
CIVIL DISTRICT COURT
421 Loyola Avenue
New Orleans, Louisiana 70112

Re: CDC #: 2004-10099
Earl Conner, et al v.
A.O. Smith Corporation, et al.
Our File: ITW-0184

Dear Sir:

Enclosed please find Exceptions of Illinois Tool Works Inc. and Miller Electric Manufacturing Co., Inc. that we request be filed into the record of the above-captioned matter.

Additionally, we enclose extra copies for service and a copy that we request you stamp and return in the enclosed self-addressed, stamped envelope.

Lastly, we enclose our firm checks to cover all costs.

Should you have any questions or need any additional information, please do not hesitate to give me a call.

Sincerely,

JOSEPH R. WARD, JR.

/cml

Enclosures

cc: Spencer R. Doody, Esq.
All Defense Counsel (by e-mail)

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO: 2006-14175

DIVISION "D"

TYIECE BATPSTE-HOWARD

VERSUS

WARREN RILEY, ET AL

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

MEMORANDUM IN SUPPORT OF EXCEPTION

MAY IT PLEASE THE COURT:

Defendant, Warren Riley, Superintendent of the New Orleans Department of Police, named in his official capacity, submits the following memorandum in support of his exception:

## FACTS

Plaintiff Tyiece Baptiste-Howard, on behalf of a party whom she alleges to be the minor child of decedent Anthony Cardell Hayes, filed suit against various defendants and unnamed police officers for wrongful death damages. Plaintiff asserts that she is bringing this suit on behalf of an heir, an alleged child, of the decedent. There is no proof of filiation, no birth certificate showing paternity, no letters testamentary, or anything else establishing a real or actual interest in the matter brought before this court. Additionally, there is another lawsuit, filed in the United States District Court, Eastern District of Louisiana, case number 2006-2917 B-5, entitled *Cardell Hayes, Individually and as Administrator for the Estate of Anthony Hayes v. the City of New Orleans, et al.* That matter was filed on June 6, 2006, well before the matter *sub judice.*

## ARGUMENT

**A. Plaintiff has no procedural capacity to represent the minor child.** Louisiana Code of Civil Procedure Article 683 provides the requirements for suits filed on behalf of unemancipated minors. These requirements differ based upon, among other things, the marital status of the minor's parents and may require appointment of a tutor or administratrix in order to institute litigation on the minor's behalf. The original petition is void of any allegations substantiating the proper procedural capacity of the plaintiff either on her own behalf or on behalf of the minor child.



**B. Plaintiff has no apparent procedural capacity to represent the succession.**

Louisiana Code of Civil Procedure Article 685 provides the requirements for suits filed on behalf of an heir or an estate. There are no letters testamentary, or any other submissions by the plaintiff establishing her bona fides to bring this matter. Further, there is an opposing suit in the federal venue, seeking similar redress.

<u>CONCLUSION</u>

Plaintiff has failed to state any basis of legal representation of the minor child or of the estate. Accordingly, defendant contends that plaintiff's claim herein should be dismissed with prejudice.

Respectfully submitted,

**VICTOR L. PAPAI, Jr., #8460**
**Assistant City Attorney**
1300 Perdido Street
Room 5E01-City Hall
New Orleans, LA 70112
(504) 658-9800

**JOSEPH V. DIROSA, Jr., #4959**
**Deputy City Attorney**

**PENYA MOSES-FIELDS, #24850**
**City Attorney**

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA                  FILED

NO:  2006-14175                     DIVISION "D"  A 9: 32
                                    2007 APR 4

TYIECE BATPSTE-HOWARD

VERSUS                              CIVIL
                                    DISTRICT CO

WARREN RILEY, ET AL

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## RILEY ANSWER
## with AFFIRMATIVE DEFENSES

Now into court comes Warren Riley, only, sued in his official capacity, who in response to plaintiff's petition, answers as follows:

**1.**

Paragraph I of the petition names party defendants, and Riley admits the allegations of subparagraph (a) concerning his status as the Superintendent of the police force for the City of New Orleans.  At all times he was acting in the course and scope of his duties, and under color of law.  The allegations of the petition in subparagraph b concern the NOPD, a subdivision of the City, and not a valid legal entity.  A peremptory exception has been previously filed concerning this issue, and Riley does not make any response on behalf of NOPD at this time.   The subparagraphs c, d, e, f, and g concern unidentified officers and no response is made by Riley.  Subparagraph h alleges an unknown insurance company as the liability insurer for the Superintendent of Police and NOPD.  Official acts and City departments are covered by the City of New Orleans, a state municipality that is self insured.

**2.**

The allegations of Paragraph II are denied as written.

**3.**

The allegations of Paragraph III are denied as written.

**4.**

The allegations of Paragraph IV are denied.  The City of New Orleans is self insured.

**5.**

The allegations of Paragraph V are legal conclusions and are denied.

**6.**

The allegations of Paragraphs VI through X concern the actions of unnamed and



VERIFIED
ANGELIA BELL
APR 0 3 2007

unknown defendants not yet served, and are denied.

### 7.

The allegations of Paragraph XI are denied.

### 8.

The allegations of Paragraph VIII (sic, as this is the next paragraph after XI) are legal conclusions and are denied.

**AND NOW, RILEY MAINTAINS THE FOLLOWING AFFIRMATIVE DEFENSES:**

#### FIRST DEFENSE

The petition fails to state a claim upon which relief can be granted.

#### SECOND DEFENSE

Neither party is a proper party plaintiff as no proof has been shown of paternity by Anthony Cardell Hayes, the decedent in the underlying cause of action.

#### THIRD DEFENSE

The cause in fact of the damages complained of was the negligence of the decedent, whose acts of negligence should operate as a complete bar or in diminution to any recovery.

#### FOURTH DEFENSE

In the alternative, defendants affirmatively aver that decedent's alleged injuries were caused by persons or parties over whom these defendants exercises no authority, jurisdiction, control or supervision of whom they are legally responsible.

#### FIFTH DEFENSE

In the further alternative, defendants aver that at all times pertinent herein, any persons allegedly acting on behalf of the defendant were acting in good faith insofar as enforcing the law and ordinances of the Parish of Orleans, and the Constitution and Statues of the United States of America and the State of Louisiana.

#### SIXTH DEFENSE

All action taken by defendant Riley were taken in good faith, under color of law, and in the performance of his official duties, and without malice.

### SEVENTH DEFENSE

Defendant avers that at all times herein, his actions were reasonable, justified and legally permissible under the circumstances.

## EIGHTH DEFENSE

Defendant specifically pleads that he is entitled to and protected by the qualified immunity afforded to public officials for acts committed during the course of their official duties.

### NINTH DEFENSE

In the further alternative, defendant avers that the decedent assumed the risk of his injuries by his actions.

### TENTH DEFENSE

In the further alternative, defendant avers that the plaintiff or her agents were negligent in that they had knowledge of the decedent's propensities to violate the law, that they had knowledge of his medical and/or psychiatric situation, and that they did not ensure that the decedent did not receiver proper medical and/or prescription medication treatment, and that plaintiff assumed the risk of the decedent's actions.

**WHEREFORE**, defendant prays that after due proceedings are had, judgment be rendered in favor of defendant, dismissing plaintiff's complaint at plaintiff's cost.  Defendant further prays for all other equitable relief appropriate in the premises.

Respectfully submitted,

**VICTOR L. PAPAI, Jr. #8460**
Assistant City Attorney
1300 Perdido Street
City Hall - Room 5E03
New Orleans, LA 70112
Telephone:  (504) 658-9800
Facsimile:  (504) 658-9868

**JOSEPH V. DIROSA, Jr. #4959**
Chief Deputy City Attorney

**PENYA MOSES-FIELDS #24850**
City Attorney

### CERTIFICATE OF SERVICE

*I hereby certify that a copy of the above and foregoing pleading has been sent to counsel of record, by mail or facsimile,  this 4th day of April, 2007.*

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA    FILED

NO:  2006-14175                                    2007 APR -3 P 2: 2b   DIVISION "D"

TYIECE BATPSTE-HOWARD                CIVIL
                                                                        DISTRICT COURT
VERSUS

WARREN RILEY, ET AL

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

<u>PEREMPTORY EXCEPTION OF IMPROPER PARTY</u>

**NOW INTO COURT,** through undersigned counsel, comes the City of New Orleans,

appearing solely for the purpose of asserting these Exceptions, and excepts to the plaintiff's

petition on the following grounds, to wit: Plaintiff has named the New Orleans Police

Department as a defendant when the Department is a political entity of the City of New Orleans,

and hence, is not an entity capable of suing or being sued.

**WHEREFORE,** exceptor, the City of New Orleans, prays that after due proceedings,

there be judgment, for the reasons set forth in the attached memorandum of law, in favor of the

defendant, dismissing plaintiff's suit with prejudice and at his cost.

Respectfully submitted,

**VICTOR L. PAPAI, Jr. #8460**
Assistant City Attorney
1300 Perdido Street
City Hall - Room 5E03
New Orleans, LA 70112
Telephone:  (504) 658-9800
Facsimile: (504) 658-9868

**JOSEPH V. DIROSA, Jr. #4959**
Chief Deputy City Attorney

**PENYA  MOSES-FIELDS #24850**
City Attorney

<u>CERTIFICATE OF SERVICE</u>

*I hereby certify that a copy of the above and foregoing pleading has been sent to counsel of record, by*

*facsimile,  this 3rd day of April, 2007.*

Victor L. Papai, Jr.

VERIFIED

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO:  2006-14175                              DIVISION "D"

TYIECE BATPSTE-HOWARD

VERSUS

WARREN RILEY, ET AL

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### MEMORANDUM IN SUPPORT OF EXCEPTIONS

Plaintiff has named the New Orleans Police Department (hereinafter NOPD) as a party defendant.  The NOPD is not an entity capable of being sued.  In Roberts v. Sewage and Water Board, 634 So.2d 341 (La. 1994), the Louisiana Supreme Court set forth the framework within which to determine the suitability of an entity for the purpose of being sued.  The Court stated: *"...a local government unit may be deemed to be a juridical person separate and distinct from the other governmental entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity."* Id, at 346-347.  The organic law as it pertains to the Department of Police and the City of New Orleans, Section 4-102(1) of the Home Rule Charter for the City of New Orleans, provides that the Department of Police is within the Executive Branch of government.  In light of the Home Rule Charter, any claims by plaintiff against NOPD can not be maintained, as the Charter did not make NOPD a separate and distinct juridical person.  Therefore, the New Orleans Police Department must be dismissed from the suit as a named defendant.

Respectfully submitted,

Victor L. Papai, Jr. #8460
Assistant City Attorney
1300 Perdido Street
Room 5E03 - City Hall
New Orleans, Louisiana 70112
(504) 658-9800

Joseph V. DiRosa, Jr. #4959
Chief Deputy City Attorney

Penya Moses-Fields #24850
City Attorney

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO:  2006-14175                                    DIVISION "D"

TYIECE BATPSTE-HOWARD

VERSUS

WARREN RILEY, ET AL

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## ORDER

CONSIDERING THE FOREGOING EXCEPTIONS:

IT IS ORDERED that the hearing on defendants' exceptions be and are hereby set for

the 11th day of  May, 2007 at  9:00 o'clock a.m, a date which the Court had previously set the

matter for hearing on the dilatory exception.

Signed this _3_ day of April, 2007.

_____

DISTRICT JUDGE

PLEASE SERVE:

Tyiece Baptiste-Howard
Through her attorney:
Clarence Roby, Esq.
3701 Canal St., Suite U
New Orleans, LA  70119

ENTERED ON MINUTES

APR 1 6 2007

Form 95 - Rev. 3/00

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

FILED

No.: _06 - 14175_

Division: _D_

2007 APR 3 2: 26

CIVIL DISTRICT COURT

_Howard_

versus

_CNO_

PARTY TO BE SERVED: _TYIECE BAPTISTE. HOWARD_

THROUGH: _CLARENCE ROBY_

ADDRESS: _3701 CANAL_

SUITE/ROOM: _"U"_

CITY: _NOLA_

CIVIL SHERIFF'S OFFICE   2007 APR -9 P 3 42   RECEIVED

SPECIAL SERVICE INSTRUCTIONS: _____

DOCUMENT TYPE: _EXCEPTION_

FILED BY ATTORNEY: _V. PAPAI_   BAR NO. _8460_

DATE OF FILING: _4/3/07_

ATTACHMENTS/EXHIBITS: _MEMO & ORDER._

| RETURN FOR PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On the _10_ day of _APRIL_ 20_07_ served a copy of the within _EXC_   11:07 Am | On this_____day of_____20_____ served a copy of the within_____ |
| | on_____ |
| On _TYIECE BAPTISTE HOWARD_ through _CLARENCE ROBY_ in person _SHERRY_ | by leaving same at_____domicile or usual place of adobe_____ in the hand of_____ a person of suitable age and discretion, residing therein as a member of_____domiciliary establishment, whose name and other facts connected, with this service I learned by interrogating the said |
| Return same day   144 | the said_____ being absent from_____domicile at time of said service. |
| Deputy Sheriff of Orleans Parish | Returned same day |
| ENTERED | |
| PAPER _9113_ RETURN | |
| SERIAL NO.   DEPUTY   PARISH | Deputy Sheriff of Orleans Parish |

APR 1 7 2007

## SHERIFF'S RETURN

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS F I L E D

STATE OF LOUISIANA                 2007 MAY 11  P 2: 26

NO.: 2006-14175           DIVISION " D "          DOCKET NO.:
                                              DISTRICT COURT

TYIECE BAPTISTE-HOWARD AS THE NATURAL TUTOR FOR
BRIANNA HAYES AS THE HEIR TO THE ESTATE OF
ANTHONY CARDELL HAYES

**VERSUS**

WARREN RILEY, (in his official capacity, as Superintendent
of the New Orleans Police Department), NEW ORLEANS POLICE DEPARTMENT
POLICE OFFICER #1 (individually and in his official capacity as an officer
for the New Police Department), POLICE OFFICER #2 (individually and in his
official capacity as an officer for the New Police Department), POLICE OFFICER #2
(individually and in his official capacity as an officer for the New Police Department),
POLICE OFFICER #3  (individually and in his official capacity as an officer for the New
Police Department), POLICE OFFICER #4 (individually and in his official capacity as an
officer for the New Police Department), POLICE OFFICER #5 (individually and in his
official capacity as an officer for the New Police Department)
AND XYZ INSURANCE COMPANY

FILED:_____            _____
                                              **DEPUTY CLERK**

### FIRST AMENDED AND SUPPLEMENTAL
### PETITION FOR DAMAGES

NOW INTO COURT, through the undersigned counsel comes Tyeice Baptiste-Howard

the natural tutor for Brianna Hayes as the heir of the Estate of Anthony Cardell Hayes who

respectfully request that her petition for damages be amended as follows:

I.

Petitioner reiterates all allegations of the original Petition for Damages as if copied herein

*in extenso.*

II.

That caption of Petitioner's original petition should be amended as follows:

TYIECE BAPTISTE-HOWARD AS THE NATURAL TUTOR FOR
BRIANNA HAYES AS THE HEIR TO THE ESTATE OF
ANTHONY CARDELL HAYES

**VERSUS**

WARREN RILEY, (in his official capacity, as Superintendent
of the New Orleans Police Department), NEW ORLEANS POLICE DEPARTMENT
POLICE OFFICER #1 (individually and in his official capacity as an officer
for the New Police Department), POLICE OFFICER #2 (individually and in his
official capacity as an officer for the New Police Department), POLICE OFFICER #2
(individually and in his official capacity as an officer for the New Police Department),
POLICE OFFICER #3  (individually and in his official capacity as an officer for the New
Police Department), POLICE OFFICER #4 (individually and in his official capacity as an

officer for the New Police Department), POLICE OFFICER #5 (individually and in his official capacity as an officer for the New Police Department), THE CITY OF NEW ORLEANS AND XYZ INSURANCE COMPANY

III.

That Paragraph I. of the original petition filed should be amended as follows:

Made defendants herein are Warren Riley (in his official capacity as Superintendent of the New Orleans Police Department), a person of the full age of majority and a resident of the State of Louisiana, and all material times herein acting in his capacity as Superintendent in the scope of his employment with the New Orleans Police Department; New Orleans Police Department, a political subdivision of the State of Louisiana; Police Officer #1 (individually and in his official capacity as an officer of the New Orleans Police Department), a person of the full age of majority and a resident of the State of Louisiana, and all material times herein acting in his capacity as an officer in the scope of his employment with the New Orleans Police Department; Police Officer #2 (individually and in his official capacity as an officer of the New Orleans Police Department), a person of the full age of majority and a resident of the State of Louisiana, and all material times herein acting in his capacity as an officer in the scope of his employment with the New Orleans Police Department; The City of New Orleans a political subdivision of the State of Louisiana created under its own home rule charter and granted specific powers as the governmental authority for the Parish of Orleans under the laws and constitution of the State of Louisiana and XYZ Insurance Company, foreign and/or domestic insurance corporations authorized to do and doing business in the State of Louisiana and at all times pertinent to this matter had in full force and effect insurance policies insuring the Defendants.

IV.

The Petitioner's petition should be amended and Paragraph IX added as follows:

The City of New Orleans is liable due to the legal relationships existing among the parties herein.

WHEREFORE, Petitioner, Tyeice Baptiste-Howard the natural tutor for Brianna Hayes as the heir of the Estate of Anthony Cardell Hayes respectfully request that her petition for damages be amended and that the Defendant, City of New Orleans be cited and served with a copy of the original petition, amended petition and be required to answer same.

Respectfully submitted,
**LAW OFFICE OF CLARENCE ROBY, JR., APLC**


**CLARENCE ROBY, JR.** - LSB# 20345
3701 Canal Street, Suite U
New Orleans, Louisiana   70119
(504) 486-7700


**PLEASE SERVE:**

City of New Orleans
through
Mayor C. Ray Nagin
City Hall
1300 Perdido Street
New Orleans, Louisiana 70112

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.: 2006-14175                DIVISION " D "            DOCKET NO.:
                                                         CIVIL
                                                         DISTRICT COURT
        TYIECE BAPTISTE-HOWARD AS THE NATURAL TUTOR FOR
           BRIANNA HAYES AS THE HEIR TO THE ESTATE OF
                    ANTHONY CARDELL HAYES

                            VERSUS

        WARREN RILEY, (in his official capacity, as Superintendent
    of the New Orleans Police Department), NEW ORLEANS POLICE DEPARTMENT
      POLICE OFFICER #1 (individually and in his official capacity as an officer
       for the New Police Department), POLICE OFFICER #2 (individually and in his
    official capacity as an officer for the New Police Department), POLICE OFFICER #2
     (individually and in his official capacity as an officer for the New Police Department),
     POLICE OFFICER #3  (individually and in his official capacity as an officer for the New
     Police Department), POLICE OFFICER #4 (individually and in his official capacity as an
      officer for the New Police Department), POLICE OFFICER #5 (individually and in his
          official capacity as an officer for the New Police Department)
                AND XYZ INSURANCE COMPANY
                AND ABC INSURANCE COMPANY

FILED:_____          _____
                                               DEPUTY CLERK


                            ORDER

        Considering the foregoing Motion for Leave of Court to File First Amended and

Supplemental Petition for Damages,

        **IT IS HEREBY ORDERED,** that the motion is granted and the amended complaint is

filed.

        New Orleans, Louisiana, this ___ day of _____2007.

                            _____
                                     JUDGE        ENTERED ON MINUTES

                                                   MAY 1 4 2007


        **CERTIFICATE OF SERVICE**

        I hereby certify that the foregoing has been mailed, postage prepaid, to counsel of record

this _____ day of_____, 2007.

                            _____
                                CLARENCE ROBY, JR


                                                   APPROVED

                                                   _____
                                                   DIVISION "D"

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

FILED

2010 JAN 28 P 1:54

CIVIL
DISTRICT COURT

NO: 2006-14175                                                    DIVISION "D"

TYIECE BAPTISTE-HOWARD AS THE NATURAL TUTOR FOR
BRIANNA HAYNES AS THE HEIR OF THE ESTATE OF
ANTHONY CARDELL

VERSUS

WARREN RILEY, (in his official capacity, as Superintendent of the
New Orleans Police Department), NEW ORLEANS POLICE DEPARTMENT
POLICE OFFICER #1 (individually and in his official capacity as an officer
for the New Orleans Police Department),POLICE OFFICER #2(individually and in his
official capacity as an officer for the New Orleans Police Department),
POLICE OFFICER #3 (individually and in his official capacity as an officer for the New
Orleans Police Department), POLICE OFFICER #4 (individually and in his official
capacity as an officer for the New Orleans Police Department),
POLICE OFFICER #5 (individually and in his official capacity as an officer for the
New Orleans Police Department) AND XYZ INSURANCE COMPANY

FILED:_____          _____
                                              DEPUTY CLERK

### MOTION TO SET FOR STATUS CONFERENCE

NOW INTO COURT, on the motion of Clarence Roby, Jr., attorney for Plaintiff Tyiece
Baptiste-Howard as the Natural Tutor for Briana Haynes as the heir of the estate of Anthony
Cardell Haynes and upon suggesting to the Court that mover desires that a status conference be
held in this matter, in order to resolve the outstanding issues.

Plaintiff desires to move this matter forward in an attempt resolve any outstanding issues and to
seek closure.

WHEREFORE, Clarence Roby, Jr. prays that the above captioned matter be hereby set,
for status conference before this Honorable Court and that Defendant City of New Orleans
appear before this court on that day.

Respectfully submitted,
LAW OFFICE OF CLARENCE ROBY, JR., APLC

CLARENCE ROBY, JR., APLC - LSB# 20345
3701 Canal Street, Suite U
New Orleans, LA  70119
(504) 486-7700

DALE N. ATKINS
CLERK, CIVIL DISTRICT COURT
402 CIVIL COURTS BUILDING
421 LOYOLA AVENUE - Room 402
NEW ORLEANS, LA 70112
504-592-9100

DATE: 1/28/2010 at 13:56
CASE#: 2006 - 14175  SEC.: 16
RECEIPT#: 209446

                              PRICE      PAID      BAL

MOTION FOR STATUS CONFERENCE
             $    36.00  $   36.00  $    0.00

TOTAL PAID CASE # 2006141751 $36.00

RECEIPT TOTAL $36.00
AMOUNT RECEIVED $36.00

CHANGE DUE $.00

Check #7289 Amt. $36.00

VERIFIED
Regina Crockett
Deputy Clerk 

VERIFIED
Nyrie Jefferson
Deputy Clerk

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

FILED

2010 JAN 28  P 1: 54

CIVIL
DISTRICT COURT

NO: 2006-14175

DIVISION "D"

TYIECE BAPTISTE-HOWARD AS THE NATURAL TUTOR FOR
BRIANNA HAYNES AS THE HEIR OF THE ESTATE OF
ANTHONY CARDELL

VERSUS

WARREN RILEY, (in his official capacity, as Superintendent of the
New Orleans Police Department), NEW ORLEANS POLICE DEPARTMENT
POLICE OFFICER #1 (individually and in his official capacity as an officer
for the New Orleans Police Department),POLICE OFFICER #2(individually and in his
official capacity as an officer for the New Orleans Police Department),
POLICE OFFICER #3 (individually and in his official capacity as an officer for the New
Orleans Police Department), POLICE OFFICER #4 (individually and in his official
capacity as an officer for the New Orleans Police Department),
POLICE OFFICER #5 (individually and in his official capacity as an officer for the
New Orleans Police Department) AND XYZ INSURANCE COMPANY

FILED:_____

_____
DEPUTY CLERK

ORDER

Considering the foregoing:

IT IS HEREBY ORDERED, that Defendant, City of New Orleans appear before this

court on the 15 day of March, 2010 at 9 45 A.M. o'clock a.m. for a status

conference.

New Orleans, Louisiana this 18th day of Feb., 2010.

_____
JUDGE
law clerk

ENTERED ON MINUTES

FEB 19 2010

PLEASE SERVE:

City of New Orleans
through its attorney of record
James Mullaly, Assistant City Attorney
City Hall- Room 5E03
1300 Perdido Street
New Orleans, Louisiana  70112

VERIFIED
Nyrie Jefferson
Deputy Clerk

Form 95 - Rev. 3/00

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

No.: 2006-14175　　　　　　　　　　　　Division: D

TYIECE BAPTISTE-HOWARD, ETAL

versus

WARREN RILEY, ETAL

PARTY TO BE SERVED: CITY OF NEW ORLEANS

THROUGH: Atty JAMES MULLALY

ADDRESS: CITYHALL 1300 PERDIDO ST

SUITE/ROOM: 5E03

CITY: N.O. LA 70112

SPECIAL SERVICE INSTRUCTIONS: _____

DOCUMENT TYPE: Motion To Set Status Conference

FILED BY ATTORNEY: Clarence Roby　　　BAR NO. 20345

DATE OF FILING: 1-25-10

ATTACHMENTS/EXHIBITS: _____

| RETURN FOR PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On the 23 day of Feb. 20 10 served | On this _____ day of _____ 20 ____ served |
| a copy of the within Motion | a copy of the within _____ |
| On City of New Orleans | on _____ |
| in person Atty James Mullaly | by leaving same at _____ domicile or usual |
| 11:11 A.M | place of adobe _____ |
| Return same day | in the hand of _____ |
| Deputy Sheriff of Orleans Parish | a person of suitable age and discretion, residing therein |
| | as a member of _____ domiciliary |
| PAPER   ENTERED   RETURN | establishment, whose name and other facts connected, |
| 5   19108   1 | with this service I learned by interrogating the said |
| SERIAL NO.   DEPUTY   PARISH | _____ |
| | the said _____ being |
| | absent from _____ domicile at time of said service. |
| | Returned same day |

**VERIFIED**

Deputy Sheriff of Orleans Parish

SHERIFF'S RETURN

Jade Scott
Deputy Clerk

2.25.10

FILED

2010 MAR 11  A 11: 16

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

CIVIL DISTRICT COURT

STATE OF LOUISIANA

NO. 2006-14175                          DIVISION "D"

TYIECE BAPTISTE-HOWARD AS THE NATURAL TUTOR FOR BRIANNA HAYNES
AS THE HEIR OF THE ESTATE OF ANTHONY CARDELL

VERSUS

WARREN RILEY, ET AL

FILED:_____          _____
                                          DEPUTY CLERK

## UNOPPOSED MOTION TO RESET STATUS CONFERENCE

NOW INTO COURT, through undersigned counsel, comes defendant, the City of New

Orleans, who moves this Court to reset the Status Conference in this matter, as follows:

I.

The Status Conference in the above referenced case is scheduled for March 15, 2010 at

9:45 a.m.

II.

Counsel for City Defendant's will be starting a trial in federal court on March 15, 2010.

*(Greg Griffith v. Warren Riley, et al (USDC 07-09738)*

III.

Therefore, City defendants are requesting the Status Conference be reset and all parties

be served for April 27, 2010, 2010 at 11:00 a.m.

IV.

All counsel for all parties were contacted and there is no objection to resetting the Status

Conference.

WHEREFORE, defendant prays that this Honorable Court reset the Status Conference

in this matter.


VERIFIED
Regina Crockett
Deputy Clerk 03-12-10

FILED

'11 MAR 11 A 11: 16

DISTRICT COURT

Respectfully submitted,

_(signature)_

JAMES B. MULLALY, # 28296
ASSISTANT CITY ATTORNEY
CITY HALL - ROOM 5E03
1300 PERDIDO STREET
NEW ORLEANS, LA 70112
TELEPHONE: (504) 658-9800
FACSIMILE: (504) 658-9868

NOLAN P. LAMBERT, Jr., #17663
CHIEF DEPUTY CITY ATTORNEY

PENYA MOSES-FIELDS, #24850
CITY ATTORNEY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing have this day been served on all known counsel of record by placing same in the U. S. Mail, postage prepaid and properly addressed this ____11th____ day of March 2010

_(signature)_
James B. Mullaly

FILED

2010 MAR 11  A 11: 16

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

CIVIL
DISTRICT COURT

STATE OF LOUISIANA

NO. 2006-14175                                      DIVISION "D"

TYIECE BAPTISTE-HOWARD AS THE NATURAL TUTOR FOR BRIANNA HAYNES
AS THE HEIR OF THE ESTATE OF ANTHONY CARDELL

**VERSUS**

WARREN RILEY, ET AL

FILED:_____     _____

                                          **DEPUTY CLERK**

**O R D E R**

Considering the foregoing Motion to Reset Motion for Summary Judgment,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Status

Conference be set on the _28th_ day of ____April____, 20 _10_, at

_11:00_ o'clock a.m.

NEW ORLEANS, LOUISIANA this _11_ day of _March_, 2010.

~~LLOYD J. MEDLEY, JUDGE~~
~~DIVISION D~~
_law clerk_

ENTERED ON MINUTES

MAR 1 2 2010

**PLEASE SERVE:**

Plaintiff- Tyiece Baptiste-Howard
Through her Attorney of Record
Clarence Roby, Jr., APLC
3701 canal Street
Suite U
New Orleans, LA 70119

The City of New Orleans
Through its attorney of record,
James Mullaly
Assistant City Attorney
1300 Perdido Street, Room 5E-03
New Orleans, Louisiana 70112

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2006-14175                                   DIVISION "D"

TYIECE BAPTISTE-HOWARD AS THE NATURAL TUTOR FOR BRIANNA HAYNES AS THE HEIR OF THE ESTATE OF ANTHONY CARDELL

VERSUS

WARREN RILEY, ET AL

PARTY TO BE SERVED: <u>City of New Orleans</u>
THROUGH:                  <u>James Mullaly; Esq</u>
                          <u>Assistant City Attorney</u>

ADDRESS:                  <u>1300 Perdido Street</u>
                          <u>5th Floor Law Department</u>
                          <u>Room 5E03</u>
                          <u>New Orleans, La  70112</u>

SUITE/ROOM:
CITY:

SPECIAL SERVICE INSTRUCTIONS: City of New Orleans- Gratis

DOCUMENT TYPE:           <u>Unopposed Motion to Reset Status Conference</u>
FILED BY ATTORNEY:       <u>James Mullaly</u>                    BAR NO.  <u>28296</u>
DATE OF FILING:          <u>March 11, 2010</u>
ATTACHMENTS/EXHIBITS:

| RETURN FOR PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On the _15_ day of _Mars_ , 2010 served a copy of the within _Motion_ | On this _____ day of _____ 2010 served a copy of the within_____ |
| On _City of New Orleans_ | on_____ |
| (in person) _Atty. F. Wild, Ast._ | by leaving same at _____domicile or usual place of abode _____ in the hand of _____ a person of suitable age and discretion, residing therein as a member of _____ domiciliary establishment, whose name and other facts connected, with this service I learned by interrogating the said _____ |
| Return same day  _1:07P.M._ _Shron J. Smith_  Deputy Sheriff of Orleans Parish | being absent from _____ domicile at time of said service. |
| _Dar_ ENTERED  PAPER          RETURN | Returned same day |
| _6_ , _9108_  SERIAL NO.   DEPUTY   PARISH | Deputy Sh **VERIFIED** |

Form 95

Jade Scott
**Deputy Clerk**
3·17·10

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA                    FILED

NO. 2006-14175                          DIVISION "D"
                                        2010 MAR 11  A 11: 16

TYIECE BAPTISTE-HOWARD AS THE NATURAL TUTOR FOR BRIANNA HAYNES AS THE
HEIR OF THE ESTATE OF ANTHONY CARDELL

VERSUS

WARREN RILEY, ET AL

PARTY TO BE SERVED:   Tyiece Baptiste
THROUGH:              Clarence Roby Jr., Esq.

ADDRESS:              3701 Canal Street
                      Suite U
                      New Orleans, La  70119

SUITE/ROOM:

CITY:

SPECIAL SERVICE INSTRUCTIONS:

DOCUMENT TYPE:        Unopposed Motion to Reset Status Confernce
FILED BY ATTORNEY:    James Mullaly                  BAR NO.  28296
DATE OF FILING:       March 11, 2010
ATTACHMENTS/EXHIBITS:

| RETURN FOR PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| 1:5lpm | On this _____ day of _____ 2010 served |
| On the 22 day of MARCH , 2010 served | a  copy  of  the  within_____ |
| a copy of the within _____ | _____ |
| _____ | _____ |
| On  Roby  JR. | on_____ |
| _____ | _____ |
| in person  GREETA | by leaving same at _____ domicile or usual |
| _____ | place of abode _____ |
| Return same day | in the hand of |
| Ter den  441 | a person of suitable age and discretion, residing |
| Deputy Sheriff of Orleans Parish | therein as a member of |
|  | domiciliary establishment, whose name and other |
| Dew  ENTERED RETURN | facts connected, with this service I learned by |
| PAPER | interrogating the said |
| 7 , 9113 |  |
|  | being absent from _____ domicile at time |
| SERIAL NO.   DEPUTY   PARISH | of said service. |

Returned **VERIFIED**

**Jade Scott**
Deputy Sheriff of Orleans Parish  **Deputy Clerk**

3·24·10

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**
**PARISH OF LOUISIANA**

NO.   2006-14175                                                    DIVISION: "D"

**TYIECE BAPTISTE-HOWARD AS THE NATURAL TUTOR FOR BRIANNA HAYES,**
**AS THE HEIR OF THE ESTATE OF ANTHONY CARDELL HAYES**

**VERSUS**



**WARREN RILEY, (in his official capacity, as Superintendent of the New Orleans**
**Police Department), NEW ORLEANS POLICE DEPARTMENT POLICE OFFICER #1**
**(individually and in his official capacity as an officer for the New Orleans Police**
**Department), POLICE OFFICER #2 (individually and in his official capacity as an**
**officer for the New Orleans Police Department), POLICE OFFICER #3 (individually**
**and in his official capacity as an officer for the New Orleans Police Department),**
**POLICE OFFICER #4 (individually and in his official capacity as an officer fo the**
**New Orleans Police Department), POLICE OFFICER #5 (individually and in his**
**official capacity as an officer for the New Orleans Police Department ) AND XYZ**
**INSURANCE COMPANY**

FILED:_____        _____

**DEPUTY CLERK**

**SECOND AMENDED AND SUPPLEMENTAL PETITION FOR DAMAGES**

**NOW INTO COURT**, comes petitioner, Tyiece Baptiste-Howard as the Natural Tutor for

Briana Hayes as the heir to the Estate of Anthony Cardell Hayes who respectfully

request that her petition for damages be amended as follows:

I.

Petitioner reiterates all allegations of the original Petition for Damages as if copied

herein *in extenso*.

II.

By amending the CAPTION of the Petition for Damages to read:

DALE N. ATKINS
CLERK, CIVIL DISTRICT COURT
402 CIVIL COURTS BUILDING
421 LOYOLA AVENUE - ROOM 402
504-592-9100

**TYIECE BAPTISTE-HOWARD AS THE NATURAL TUTOR FOR BRIANNA HAYNES**

**AS THE HEIR OF THE ESTATE OF ANTHONY CARDELL HAYNES**

**VERSUS**

DATE: 7/8/2011 at 10:20
CASE#: 2006 - 14175   SEC.: 16
                              PRICE      PAID      BAL

**WARREN RILEY, (in his official capacity, as Superintendent of the New Orleans**

**Police Department), CHRISTIAN VARNADO (individually and in his official**

**capacity as an officer for the New Orleans Police Department), MARK**

**BONVILLIAN (individually and in his official capacity as an officer for the New**

**Orleans Police Department), GARY KESSEL (individually and in his official**

**capacity as an officer for the New Orleans Police Department), WILLIAM**

**CERAVOLO (individually and in his official capacity as an officer for the New**

**Orleans Police Department), JEFFREY WALLS (individually and in his official**

**capacity as an officer for the New Orleans Police Department ), JEFFREY**

**HOCHMAN (individually and in his official capacity as an officer for the New**

VERIFIED

**Orleans Police Department) AND XYZ INSURANCE COMPANY**

III.

That Paragraph I. of the original petition filed should be amended as follows: Made defendants herein are Warren Riley (in his official capacity as Superintendent of the New Orleans Police Department), a person of the full age of majority and a resident of the State of Louisiana, and all material times herein acting his capacity as Superintendent in the scope of his employment with the New Orleans Police Department; New Orleans Police Department, a political subdivision of the State of Louisiana; Christian Varnado (individually and in his official capacity as an officer of the New Orleans Police Department), a person of the full age of majority and resident of the State of Louisiana, and all material times herein acting in his capacity as an officer in the scope of his employment with the New Orleans Police Department; Mark Bonvillan (individually and in his official capacity as an officer of the New Orleans Police Department), a person of the full age of majority and resident of the State of Louisiana, and all material times herein acting in his capacity as an officer in the scope of his employment with the New Orleans Police Department; Gary Kessell (individually and in his official capacity as an officer of the New Orleans Police Department), a person of the full age of majority and resident of the State of Louisiana, and all material times herein acting in his capacity as an officer in the scope of his employment with the New Orleans Police Department; William Ceravolo (individually and in his official capacity as an officer of the New Orleans Police Department), a person of the full age of majority and resident of the State of Louisiana, and all material times herein acting in his capacity as an officer in the scope of his employment with the New Orleans Police Department; Jeffery Walls (individually and in his official capacity as an officer of the New Orleans Police Department), a person of the full age of majority and resident of the State of Louisiana, and all material times herein acting in his capacity as an officer in the scope of his employment with the New Orleans Police Department; Jeffrey Hochman (individually and in his official capacity as an officer of the New Orleans Police Department), a person of the full age of majority and resident of the State of Louisiana, and all material times herein acting in his capacity as an officer in the scope of his employment with the New Orleans Police Department; The City of New Orleans a political subdivision of the State of Louisiana created under its own home rule charter and granted specific powers as the governmental authority for the Parish of Orleans under the laws and constitution of the State of Louisiana and XYZ Insurance Company, foreign and/or domestic insurance corporations authorized to do and doing business in the State of Louisiana and at all times pertinent to this matter had in full force and effect insurance policies insuring the Defendants.

IV.

The petitioner's petition should be amended and Paragraph XIV added as follows: Petitioner, Tyeice Baptiste-Howard, repeats and realleges each and every allegation of the complaint as though copied herein in extensor, in particular the unlawful and excessive shooting of Anthony Haynes was done by defendant police

officers while acting under the color of law and constituted a violation of 42 U.S.C. 1983 and 1988.

### V.

The petitioner's petition should be amended and Paragraph XV added as follows: The Defendants, Christian Varnado, Mark Bonvillian, Gary Kessel, Jeffrey Walls, Jeffrey Hochman, and William Ceravolo, acting individually and together, and under color of law engaged in a course of conduct which acted to and did deprive Anthony Haynes of his constitutional rights, specifically, his right to due process of law, as protected by the 14th Amendment to the United States Constitution.

### VI.

The petitioner's petition should be amended and Paragraph XVI added as follows: At all times pertinent herein the defendants acted unreasonably, recklessly and with deliberate indifference and disregard for the constitutional and civil rights and life of Anthony Haynes.  The defendants' actions were done recklessly, maliciously, willfully and intentionally.

### VII.

The petitioner's petition should be amended and Paragraph XVII added as follows: Petitioner, Tyeice Baptiste-Howard, further alleges that such acts were the proximate cause of Anthony Haynes' death.

### VIII.

The petitioner's petition should be amended and Paragraph XVII added as follows: Any reference in the original Petition for Damages referring to The Estate of Anthony Cardell Hayes, replace with The Estate of Anthony Cardell Haynes.

WHEREFORE, Petitioner, Tyeice Baptiste-Howard the natural tutor for Brianna Hayes as the heir of the Estate of Anthony Cardell Haynes respectfully request that her petition for damages be amended and that the Defendant JEFFEREY HOCHMAN, be cited and served with a copy of the original petition, amended petition and be required to answer same.

Respectfully submitted:

CLARENCE ROBY, JR., LSB#20345
3701 Canal Street, Suite U
New Orleans, Louisiana 70119
(504) 486-7700

**PLEASE SERVE:**

1. City of New Orleans
   through the City Attorney's Office
   1300 Perdido Street
   New Orleans, La 70112

2. Warren Riley, in his capacity as Superintendent of
   New Orleans Department;
   through City Attorney's Office
   1300 Perdido Street
   New Orleans, La 70112

3. Christian Varnado
   through City Attorney's Office
   1300 Perdido Street
   New Orleans, La 70112

4. Mark Bonvillan;
   through City Attorney's Office
   1300 Perdido Street
   New Orleans, La 70112

5. Gary Kessel
   through City Attorney's Office
   1300 Perdido Street
   New Orleans, La 70112

6. William Ceravolo
   through City Attorney's Office
   1300 Perdido Street
   New Orleans, La 70112

7. Jeffrey Walls
   through City Attorney's Office
   1300 Perdido Street
   New Orleans, La 70112

8. Jefferey Hochman
   through City Attorney's Office
   1300 Perdido Street
   New Orleans, La 70112

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
PARISH OF LOUISIANA

NO.   2006-14175

DIVISION:   "P "

2011 JUL -8  A 10: 16

TYIECE BAPTISTE-HOWARD AS THE NATURAL TUTOR FOR BRIANNA HAYNES
AS THE HEIR OF THE ESTATE OF ANTHONY CARDELL HAYES

VERSUS

DISTRICT COURT

WARREN RILEY, (in his official capacity, as Superintendent of the New Orleans
Police Department), NEW ORLEANS POLICE DEPARTMENT POLICE OFFICER #1
(individually and in his official capacity as an officer for the New Orleans Police
Department), POLICE OFFICER #2 (individually and in his official capacity as an
officer for the New Orleans Police Department), POLICE OFFICER #3 (individually
and in his official capacity as an officer for the New Orleans Police Department),
POLICE OFFICER #4 (individually and in his official capacity as an officer fo the
New Orleans Police Department), POLICE OFFICER #5 (individually and in his
official capacity as an officer for the New Orleans Police Department ) AND XYZ
INSURANCE COMPANY

FILED:_____                    _____

DEPUTY CLERK


MOTION AND INCORPORATED MEMORANDUM FOR LEAVE OF COURT
TO FILE SECOND AMENDED AND SUPPLEMENTAL PETITION FOR DAMAGES


NOW INTO COURT, comes petitioner, Tyiece Baptiste-Howard as the Natural Tutor for

Briana Haynes as the heir to the estate of Anthony Cardell Haynes, Parish of Orleans,

who seeks leave of Court pursuant of the Civil Code of Procedure Art. 1152 to file the

attached Second Amended and Supplemental Petition for Damages of Petitioner,

Tyeice Baptiste-Howard the natural tutor for Brianna Haynes as the heir of the Estate of

Anthony Cardell Haynes.    Moreover, the filing of the Second Amended and

Supplemental Petition for Damages will not delay the progress of this litigation.


Respectfully submitted:

CLARENCE ROBY, JR., LSB#20345
3701 Canal Street, Suite U
New Orleans, Louisiana 70119
(504) 486-7700

FILED

2011 JUL -8 A 10: 16

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS   CIVIL
DISTRICT COURT

PARISH OF LOUISIANA

NO.   2006-14175                                    DIVISION:   "D "

TYIECE BAPTISTE-HOWARD AS THE NATURAL TUTOR FOR BRIANNA HAYNES

AS THE HEIR OF THE ESTATE OF ANTHONY CARDELL HAYES
VERSUS

WARREN RILEY, (in his official capacity, as Superintendent of the New Orleans
Police Department), NEW ORLEANS POLICE DEPARTMENT POLICE OFFICER #1
(individually and in his official capacity as an officer for the New Orleans Police
Department), POLICE OFFICER #2 (individually and in his official capacity as an
officer for the New Orleans Police Department), POLICE OFFICER #3 (individually
and in his official capacity as an officer for the New Orleans Police Department),
POLICE OFFICER #4 (individually and in his official capacity as an officer fo the
New Orleans Police Department), POLICE OFFICER #5 (individually and in his
official capacity as an officer for the New Orleans Police Department ) AND XYZ
INSURANCE COMPANY

FILED:_____          _____
                                      DATE

### ORDER

Considering the foregoing Motion for Leave of Court to File Second Amended
and Supplemental Petition for damages,

IT IS HEREBY ORDERED, that the motion is granted and the amended complaint is
filed.

New Orleans, Louisiana, this ___8___ day of ___July___, 2011.

_____
                    JUDGE

ENTERED ON MINUTES

JUL 1 1 2011

ATTORNEY'S NAME: Roby Jr, Clarence   20345
AND ADDRESS:   4th Fl, Ste U,   3701 Canal St
New Orleans   LA 70119-3717

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

NO:   2006 -- 14175   4   DIVISION: D   SECTION: 16

HOWARD, TYIECE BAPTISTE ETAL VERSUS RILEY, WARREN ETAL

## CITATION

TO: RILEY, WARREN , in his capacity as SUPERINTENDENT OF THE NEW ORLEANS DEPARTMENT
THROUGH: THE CITY ATTORNEY'S OFFICE
1300 PERDIDO STREET

NEW ORLEANS   LA

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the petition
FOR SECOND AMENDED AND SUPPLEMENTAL PETITION FOR DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk
of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the
service hereof under penalty of default

### ADDITIONAL INFORMATION
Legal assistance is advisable.  If you want a lawyer and can't find one, you may call the New Orleans
Lawyer Referral Service at 504-561- 8828.  This Referral Service operates in conjunction with the
New Orleans Bar Association.  If you qualify, you may be entitled to free legal assistance through the
New Orleans Legal Assistance Corp. You may call them at 800-624-4771 or 504-525-4431.
*********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE*********

**IN WITNESS HEREOF,  I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA**   July 8, 2011   .

Clerk's Office, Room 402, Civil Courts
421 Loyola Avenue
New Orleans, LA

DALE N. ATKINS,  Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by _____
Deputy Clerk

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this __11__ day of __July__ ____ served a copy of the w/i petition FOR SECOND AMENDED AND SUPPLEMENTAL PETITION FOR DAMAGES | On this _____ day of _____ ____ served a copy of the w/i petition FOR SECOND AMENDED AND SUPPLEMENTAL PETITION FOR DAMAGES |
| On RILEY, WARREN , in his capacity as SUPERINTENDENT OF THE NEW ORLEANS DEPARTMENT | On RILEY, WARREN , in his capacity as SUPERINTENDENT OF THE NEW ORLEANS DEPARTMENT |
| Atty. E. Beck, Asst. | |
| THROUGH:  THE CITY ATTORNEY'S OFFICE | THROUGH:  THE CITY ATTORNEY'S OFFICE |
| 1:45 P.M. | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as |
| Returned same day   No. | a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating  HIM / HER the said _____ |
| Deputy Sheriff of Orleans | RILEY, WARREN , in his capacity as SUPERINTENDENT OF THE NEW ORLEANS DEPARTMENT |
| Mileage: $_____ | |
| DW / ENTERED / | being absent from the domicile at time of said service. Returned same day |
| PAPER   9108   RETURN | No. |
| SERIAL NO.   DEPUTY   PARISH | Deputy Sheriff of _____ |

7/13/11

## VERIFIED



ATTORNEY'S NAME: Roby Jr, Clarence  20345
AND ADDRESS:      4th Fl, Ste U,  3701 Canal St
                  New Orleans    LA  70119-3717

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO:     2006 -- 14175      11      DIVISION: D           SECTION: 16

HOWARD, TYIECE BAPTISTE ETAL VERSUS RILEY, WARREN ETAL

RECEIVED
2011 JUL 11  A 10: 48
ORLEANS PARISH
SHERIFF'S OFFICE

## CITATION

TO:  CITY OF NEW ORLEANS
     THROUGH:  THE CITY ATTORNEY'S OFFICE
     1300 PERDIDO STREET

     NEW ORLEANS                      LA

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the petition
FOR SECOND AMENDED AND SUPPLEMENTAL PETITION FOR DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk
of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the
service hereof under penalty of default

### ADDITIONAL INFORMATION
Legal assistance is advisable.  If you want a lawyer and can't find one, you may call the New Orleans
Lawyer Referral Service at 504-561- 8828.  This Referral Service operates in conjunction with the
New Orleans Bar Association.  If you qualify, you may be entitled to free legal assistance through the
New Orleans Legal Assistance Corp. You may call them at 800-624-4771 or 504-525-4431.
*********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE*********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA**      July 8, 2011      .

Clerk's Office, Room 402, Civil Courts            DALE N. ATKINS, Clerk of
421 Loyola Avenue                                 The Civil District Court
New Orleans, LA                                   for the Parish of Orleans
                                                  State of LA
                                                  by  V Smith
                                                       **Deputy Clerk**

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this  11  day of  July | On this _____ day of _____ |
| _____ served a copy of the w/i petition | _____ served a copy of the w/i petition |
| FOR SECOND AMENDED AND SUPPLEMENTAL PETITION FOR DAMAGES | FOR SECOND AMENDED AND SUPPLEMENTAL PETITION FOR DAMAGES |

On                                              On
   CITY OF NEW ORLEANS                             CITY OF NEW ORLEANS

*Atty. E. Beck, Asst.*

THROUGH: THE CITY ATTORNEY'S OFFICE              THROUGH: THE CITY ATTORNEY'S OFFICE

*1:45 P.M.*

                                                by leaving same at the dwelling house, or usual place of
                                                abode, in the hands of _____
Returned  same  day                             a person of suitable age and discretion residing therein as
                                                a member of the domiciliary establishment, whose name
_____ Smith ____ No. ____                      and other facts connected with this service I learned by
Deputy Sheriff of  Orleans                       interrogating  HIM / HER the said _____
                                                CITY OF NEW ORLEANS
Mileage: $ _____

D(w)  / ENTERED /                               being absent from the domicile at time of said service.
PAPER                RETURN                             Returned  same  day
  9108                                                           No. _____

SERIAL NO.     DEPUTY     PARISH                 Deputy Sheriff of _____

7/13/11
# VERIFIED
V Smith